# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DENNIS L. WILLIAMS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-172 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Dennis Williams to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion will be denied.

## Procedural Background

On September 15, 2014, movant pled guilty to three counts of distribution of cocaine base in violation of 21 U.S.C. § 841. At sentencing, his advisory Guideline range was calculated to be 130-162 months' imprisonment. This Court sentenced movant to 130 months' imprisonment. *United States v. Williams*, No. 1:14-CR-67 SNLJ (E.D. Mo.). Movant appealed his sentence to the Eighth Circuit Court of Appeals asserting that this Court should have varied downward from the Guidelines. *See United States v. Williams*, No. 14-3895 (8th Cir. February 23, 2016). The Eighth Circuit affirmed movant's conviction and sentence, finding that the 130-month sentence was the bottom of the Guideline range and was reasonable.[1]

---

[1] Movant moved on appeal to file a pro se supplemental brief arguing his sentence violated *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The Eighth Circuit denied movant's request to file his supplemental brief, but also noted that this Court was permitted, under *Alleyne*, to rely on facts not found by a jury when calculating the sentencing Guideline range to select a sentence within the statutory limits. *See also, United States v. Bennett*, 765 F.3d 887, 897 (8th Cir. 2014).

On June 27, 2016, movant filed the present motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. In his motion to vacate, movant first asserts that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Alternatively, movant argues that his attorney was ineffective for: (1) failing to properly object to the calculation of his criminal history points in his sentencing; (2) failing to object to the enhancement he received in the Guidelines related to his possession of a firearm; and (3) advising movant to waive any arguments to such an enhancement. Movant basis his ineffective assistance arguments on the Supreme Court case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

**Factual Background**

It is undisputed that on December 12, 2011, movant sold 8.2 grams of cocaine base to a confidential informant for the Federal Drug Enforcement Agency ("DEA"). It is also undisputed that on December 15, 2011, movant sold 27.7 grams of cocaine base to a confidential informant for the DEA. And it is also undisputed that on December 22, 2011, movant sold 32.7 grams of cocaine base to a confidential informant for the DEA. These three instances make up the factual circumstances for Counts I, II and III of the indictment in movant's criminal case, to which movant pled guilty on September 15, 2014. *See United States v. Williams*, No. 1:14CR67 SNLJ (E.D.Mo.).

According to the DEA, between December 7, 2011 and October 22, 2013, a confidential informant was used to make numerous controlled substance purchases from movant in Cape Girardeau County, Missouri, most of which he was never charged with. During this time period, movant distributed at least 219.2 grams of cocaine base, 50.1 grams of cocaine and 7.5 grams of methamphetamine. According to audio and video evidence obtained from the confidential

2

informant during a buy from movant on February 24, 2012, movant was observed on that date in possession of a high powered semi-automatic rifle and semi-automatic handgun which he used to facilitate the distribution of controlled substances. *See* Presentence Report, Docket No. 51, *United States v. Williams*, No. 1:14CR67 SNLJ (E.D.Mo.).

In his plea hearing, movant stated, under oath that he was satisfied with the way his lawyer had handled his case. He also stated that his lawyer had investigated the case to his satisfaction, and his lawyer had done everything he had asked him to do. Movant stated that it was his intention to give up his right to trial at that time and plead guilty. *See* Guilty Plea Transcript, Docket No. 69, *United States v. Williams*, No. 1:14CR67 SNLJ (E.D.Mo.).

In his sentencing hearing, on December 15, 2014, the Court asked if the parties wanted to address objections to the Presentence Report ("PSR"). *See* Sentencing Transcript, Docket No. 68, *United States v. Williams*, No. 1:14CR67 SNLJ (E.D.Mo.). Counsel for movant indicated that he wished to speak to the Court about a two-level enhancement mentioned on the PSR under Specific Offense Characteristics, pursuant to U.S.S.G. § 2D1.1.(b)(1) for possession of a firearm during a drug transaction. *Id.*

Defense counsel noted that he had filed a written objection to the proposed enhancement, but that the United States Attorney had a video of movant with a gun in his possession during two of the confidential informant's drug buys, and that defense counsel did not wish to pursue the argument if it meant a larger enhancement for movant for obstruction. The Court then allowed defense counsel and movant a short recess to discuss whether or not to pursue the objection on the record. When defense counsel and movant came back on the record the following conversation occurred under oath:

Mr. Skrien: Your Honor?

The Court: Yes.

Mr. Skrien: I spoke with my client and after some discussion back and forth, it's his decision to withdraw the previously filed objection.

The Court: Come on up.

Mr. Skrien: So we would so move at this time.

The Court: Mr. Williams, your lawyer has filed objections to the presentence report regarding the information that in paragraphs, several paragraphs that indicate that you possessed a firearm during the commission of the drug offenses, and he says that you now want to withdraw that objection; is that right?

The Defendant: Yes.

The Court: Have you had plenty of time to talk with him about this?

The Defendant: Yes.

The Court: Are you sure this is what you want to do?

The Defendant: Yes.

The Court: All right. I mean, we can have an evidentiary hearing if you like, and we're prepared to do that now if you'd rather do that?

The Defendant: Yes, sir, Your Honor.

The Court: I'm sorry?

The Defendant: You asked me if we had enough time to go over it.

The Court: Oh, okay. And you're sure you want to withdraw the objection then?

The Defendant: Yes, sir, Your Honor.

The Court: All right. Did you receive a copy of the presentence report?

The Defendant: Yes.

The Court: Have you read it and have you gone over it in detail with your lawyer?

The Defendant: Yes sir.

The Court: Any objections to the report or additions or corrections to it for the defendant?

Mr. Skrien: Your Honor, just one thing that I failed to mention in my sentencing memorandum, if I can get my presentence report. I think it's paragraph 69 where it mentions Mr. Williams being a gang member. He explained to me that that was in the past. He's no longer involved with any gangs whatsoever.

The Court: All right. Well, I'll make a note of that then.

Mr. Skrien: Thank you. Other than that, no.

## Legal Standard

A prisoner may move for post-conviction relief under 28 U.S.C. § 2255 for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Specifically, § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

A federal prisoner may therefore assert a claim that his conviction should be set aside under § 2255 if his Sixth Amendment right to "effective assistance of competent counsel" is

violated. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012).

*Strickland* defined the burden a convicted defendant faces in asserting a breach of this Sixth Amendment guarantee. 466 U.S. at 687. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Id.* at 687–88. With respect to the first *Strickland* prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id.* at 689. In *Strickland*, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

The *Strickland* standards for ineffective assistance of counsel apply in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). This is because the guilty plea constitutes a critical stage of the criminal proceeding. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). The Supreme Court has held that counsel's role in the rejection or acceptance of a plea offer, the communication of an alternative plea offer, and deportation or sentencing consequences of a plea, fall within the purview of the *Strickland* inquiry. *See Missouri v. Frye*, 132 S. Ct. 1399 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376 (2012); *Padilla*, 130 S. Ct. 1473.

**Discussion**

In movant's first ground for relief he argues that he is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.

The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

This Court did not enhance movant's sentence under the ACCA or Chapter Four of the United States Sentencing Guidelines. Additionally, movant did not receive an enhanced penalty

7

under the Career Offender Guidelines for a "crime of violence." Thus, movant does not have a colorable claim for relief under *Johnson.*

In movant's second ground for relief, movant asserts generally that his counsel was ineffective when he failed to object to the Court unfairly enhancing his sentence with too many "criminal history" points. Movant also states that counsel "failed to object to a firearm" enhancement, and "he advised petitioner to waive such an argument."[2] Movant generally bases his arguments on the Supreme Court case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

*Alleyne* established that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155. Only one of movant's counts for distribution of cocaine had a mandatory minimum – Count III. The mandatory minimum for Count III was five years' imprisonment. The two-level increase under § 2D1.1(b)(1) movant received did not raise that minimum. Accordingly, *Alleyne* does not apply in movant's case, and movant's counsel could not have been ineffective for failing to object on that ground.

Additionally, with regard to the "criminal history points," at the time of movant's conviction and sentence, *Alleyne* had already been decided by the Supreme Court. The Supreme Court's precedent, before *Alleyne,* held if a statute authorized an enhanced sentence due to an earlier conviction or convictions, it was not an element of the offense and did not need to be included in the indictment or presented to the jury. *See Almendarez–Torres v. U.S.,* 523 U.S. 224, 226 (1998). The Eighth Circuit upheld this principle as controlling precedent in *United States v. Alvarez.* 320 F.3d 765, 767 (8th Cir.2002).

---

[2]Movant appears to be referring to the two-point enhancement to the Guidelines as a result of his Specific Offense characteristics. Because movant possessed a firearm during the cocaine buy on February 24, 2012, his Base Offense Level of 28 was increased by two levels, pursuant to U.S.S.G. § 2D1.1(b)(1). Movant was given a decrease of three levels for acceptance of responsibility, pursuant to § 3E1.1(a) and (b), making his Total Offense Level 27.

8

In *Alleyne,* the Supreme Court did not overturn its prior ruling in *Alemendarez–Torres.* 133 S.Ct. at 2160, n. 1. Under current law, and under the law controlling at the time of movant's conviction and sentence, enhancement of a sentence due to prior convictions need not be presented to a jury. *See also U.S. v. Abrahamson,* 731 F.3d 751 (8th Cir.2013) (holding "*Alleyne* left intact the rule that enhancements based on the fact of a prior conviction are an exception to the general rule."). Movant's counsel was not ineffective for failing to pursue a meritless claim. *Rodriguez v. U.S.,* 17 F.3d 225, 226 (8th Cir.1994).

Because movant pled guilty to having distributed cocaine between 2011 and 2013, during which time he was on probation for having committed Felony Robbery in the 1st Degree, *see State v. Williams*, No. CR598-988FX (32nd Judicial Circuit, Cape Giradeau), he was awarded two additional points in his sentencing computation, pursuant to U.S.S.G. § 4A1.1(d). Movant's total criminal history score was 19 as a result of the totality of his prior criminal offenses.[3] As noted above, none of these criminal history points is affected by the holding espoused in *Johnson,* nor are these criminal history points affected by the holding espoused in *Alleyne*.

Moreover, movant cannot demonstrate prejudice. After adjustment, his total offense level was 27. With a total criminal history score of 19, the applicable sentencing range was 130-162 months. Had his offense level been two points lower, the sentencing range would have been 110-137 months. As a result, he cannot demonstrate that his sentence would have been lower. The Court crafted the sentence after taking each of the factors in 18 U.S.C. § 3553(a) into

---

[3]The Court takes note that movant's attorney objected to the total criminal history score in his Objections to the Presentence Report, arguing that it was overstated and that §4A1.3(b) of the Guidelines allows for a departure based upon an overstated criminal history. Movant's attorney further argued that his last felony occurred eleven years prior to his federal conviction.

account. Had the range been 110-137 months, the Court might still have concluded that 130 months was appropriate. Consequently, the ineffective assistance of counsel claim lacks merit.[4]

Finally, movant has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate is **DENIED**, and this action is **DISMISSED**.

---

[4]Additionally, the Court has extensively reviewed the plea and sentencing transcript and found that movant gave his plea knowingly, intelligently and voluntarily. Movant stated that he understood exactly what he was pleading guilty to, and he knowingly waived his right to object to the two-level enhancement for possessing a gun during distribution of a controlled substance at the sentencing hearing. Movant also stated on the record that he was happy with his counsel's performance and he had no other objections to the presentence report. The decision to plead guilty often involves the making of difficult judgments. *See McMann v. Richardson*, 397 U.S. 759, 769 (1970). The advice of an attorney need only be "within the range of competence demanded by attorneys in criminal cases," given that "uncertainty is inherent in predicting court decisions." *Id.* at 770-71. And an involuntary plea is one that is "compelled within the meaning of the Fifth Amendment", (*North Carolina v. Alford*, 400 U.S. 25, 31 (1970)), rather than a "voluntary expression of [a defendant's] own choice." *See Brady v. United States*, 397 U.S. 742, 748 (1970). There is no evidence that defense counsel's performance was so deficient as to fall below an objective standard of reasonableness in this action, or that counsel's performance prejudiced movant's defense.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability.

Dated this 2nd day of December, 2016.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE